UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9334 FMO (JCx) | Date | Nov. 12, 2019 |
|---|---|---|---|
| Title | Summer Joy Lake v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Cheryl Wynn | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order re: Ex Parte Application for Temporary Restraining Order

　　　The court has reviewed pro se plaintiff Summer Joy Lake's ("Lake") Emergency Ex Parte Application for an Order Staying or Cancelling Sale and Preliminary Injunction, (Dkt. 14, "First Application"); Ex Parte Application for Substitution of Plaintiff (Dkt. 18, "Second Application"), and Plaintiff's Ex Parte Application for Issuance of Lis Pendens by Court for Pro Se Litigant (Dkt. 4, "Third Application"), and concludes as follows.  As an initial matter, plaintiff has failed to comply with Local Rule 7-19, which requires an ex parte application to set forth, if known, the "name, address, telephone number and e-mail address for the opposing party[.]"  Instead of setting forth such information with respect to the First Application, plaintiff merely states that he "contacted the Defendant to see if the Defendants would agree to the relief sought."  (Dkt. 15, Declaration of Summer Joy Lake in Support of Plaintiffs Emergency Motion to Stay or Cancel Sale and Issuance of Notice of Pendency of Action ("Lake Decl.") at ¶ 2; Dkt. 16, Memorandum of Points and Authorities [] ("Memo") at 2).  While the court may waive notice in the interest of justice, see Local Rule 7-19.2, plaintiff provides no reason for doing so, which is troubling given that there is no indication that plaintiff was unaware of counsel's contact information.  (See, generally, Dkt. 15, Lake Decl.; Dkt. 16, Memo).  The court further notes that plaintiff filed his Complaint on October 30, 2019, (Dkt. 1, Complaint), but did not file the First Application until November 8, 2019.  (See Dkt. 14, First Application).

　　　More significantly, plaintiff has failed to address the standard for issuance of a temporary restraining order or preliminary injunction.  (See, generally, Dkt. 15, Lake Decl.; Dkt. 16, Memo). Rule 65 provides courts with the authority to issue temporary restraining orders and  preliminary injunctions. Fed. R. Civ. P. 65(a) & (b).  The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered, see U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010), while the purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held.  See Wahoo Intern., Inc. v. Phix Doctor, Inc., 2014 WL 2106482, *2 (S.D. Cal. 2014).  The standards for a temporary restraining order and a preliminary injunction are the same. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001); Rowe v. Naiman, 2014 WL 1686521, *2 (C.D. Cal. 2014) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9334 FMO (JCx) | Date | Nov. 12, 2019 |
|---|---|---|---|
| Title | Summer Joy Lake v. Wells Fargo Bank, N.A., et al. | | |

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20, 129 S.Ct. at 374; Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (same).  The Ninth Circuit also employs a "sliding scale" formulation of the preliminary injunction test under which an injunction could be issued where, for instance, "the likelihood of success is such that serious questions going to the merits [are] raised and the balance of hardships tips sharply in plaintiff's favor[,]" Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (internal quotation marks and brackets omitted), provided the other elements of the Winter test are met. Angelotti Chiropractic, Inc. v. Baker, 791 F.3d 1075, 1081 (9th Cir. 2015) ("Serious questions going to the merits and hardship balance that tips sharply towards plaintiffs can also support issuance of a preliminary injunction, so long as there is a likelihood of irreparable injury and the injunction is in the public interest.") (internal quotation marks and brackets omitted).

A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997) (emphasis in original and citation omitted); Silvas v. G.E. Money Bank, 449 F.App'x 641, 644 (9th Cir. 2011) (same).  Indeed, the moving party bears the burden of meeting all prongs of the Winter test. See Cottrell, 632 F.3d at 1135; DISH Network Corp. v. FCC, 653 F.3d 771, 776 (9th Cir. 2011) ("To warrant a preliminary injunction, [plaintiff] must demonstrate that it meets all four of the elements of the preliminary injunction test established in Winter[.]").  The decision of whether to grant or deny a preliminary injunction is a matter of the district court's equitable discretion.  See Winter, 555 U.S. at 32, 129 S.Ct. at 381.

Plaintiff has not made the required showing as to the first two Winter factors – likely success on the merits and irreparable harm.  With respect to the first Winter factor, the most important factor, see Garcia, 786 F.3d at 740 ("The first factor under Winter is the most important – likely success on the merits."), plaintiff has, in effect, conceded that he cannot succeed on the merits.  Specifically, on the same date plaintiff filed the First Application, plaintiff also filed the Second Application, which seeks to substitute Jeannie Kim ("Kim") as plaintiff "on the grounds that the Plaintiff . . . has assigned all their right, title and interest in the subject claim to . . . Kim."[1]  (See Dkt. 18, Second Application at 1-2).  By doing so, plaintiff has expressly acknowledged his lack of standing to assert the claims in the Complaint.  See Cetacean Cmty. v. Bush, 386 F.3d 1169,

---

[1] It is unclear when the assignment was made.  Plaintiff attaches a document entitled "Assignment of All Claims[,]" (Dkt. 20, "Assignment"), which bears plaintiff's signature and is dated November 7, 2019, (see id. at ECF 181); yet the notarized "Acknowledgment" is dated August 23, 2019.  (See id. at ECF 182).  The Acknowledgment itself does not refer to any document, including the Assignment.  (See, generally, id.).  Nor does it include Kim's signature.  (See, generally, id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9334 FMO (JCx) | Date | Nov. 12, 2019 |
|---|---|---|---|
| Title | Summer Joy Lake v. Wells Fargo Bank, N.A., et al. | | |

1174 (9th Cir. 2004); see also Bernor v. Takeda Pharmaceuticals America, Inc., 2018 WL 588563, *3 (C.D. Cal. 2018) ("A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit.") (internal quotation marks omitted)

With respect to the second Winter factor, irreparable harm, plaintiff represents that he will "suffer irreparable harm if the court permits [his] homestead home to be sold before [he] can litigate the legitimacy of the mortgages and the standing of the trustee to proceed with a sale." (Dkt. 15, Lake Decl. at ¶ 6). While the loss of one's home in a foreclosure sale would likely constitute irreparable harm, as noted above, plaintiff represents that he has assigned his claims to Kim and seeks to substitute Kim as the plaintiff in this action. (See Dkt. 18, Second Application). Plaintiff, therefore, has not shown a likelihood of irreparable harm to himself. As such, the court will deny the First Application.

Separately, the court will deny plaintiff's request to substitute Kim as the plaintiff in this action. (See Dkt. 18, Second Application). Significantly, there is no indication that Kim seeks such action. (See, generally, Dkt.).

Plaintiff also requests that the court issue a "Lis Pendens on the grounds that" he is not a member of the bar. (See Dkt. 4, Third Application at 1). "As a pro se litigant, [plaintiff] needs court approval to file a lis pendens regarding the property at issue in this litigation." Stowers v. Wells Fargo Bank, N.A., 2014 WL 1245070, *11 (N.D. Cal. 2014); Cal. Civ. Code § 405.21. However, given plaintiff's lack of standing, he "has no active claims that could justify the recording of a lis pendens." Shetty v. Lewis, 2016 WL 6462068, *4 (N.D. Cal. 2016); see, e.g., Rabidou v. Wachovia Corporation, 2015 WL 1737926, *5 (N.D. Cal. 2015) ("To maintain a lis pendens, a plaintiff must affirmatively come forth with evidence that proves a 'probable validity' of a 'real property claim.' If a plaintiff cannot do so, his lis pendens must be expunged. The 'probable validity' standard in the lis pendens statute is analogous to the 'likelihood of success' standard in determining whether to issue a preliminary injunction.") (citations and footnotes omitted). Accordingly, the court will deny plaintiff's request at this juncture.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Emergency Ex Parte Application for an Order Staying or Cancelling Sale and Preliminary Injunction **(Document No. 14)** is **denied**.

2. Plaintiff's Ex Parte Application for Substitution of Plaintiff **(Document No. 18)** is **denied**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9334 FMO (JCx) | Date | Nov. 12, 2019 |
|---|---|---|---|
| Title | Summer Joy Lake v. Wells Fargo Bank, N.A., et al. | | |

3. Plaintiff's Ex Parte Application for Issuance of Lis Pendens by Court for Pro Se Litigant **(Document No. 4) is denied**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | cw |