Sunny Byun & Ezequiel A. Pacheco
18645 Hatteras Street, Suite 185
Tarzana, California 91356
Tel: (310) 994-0123
Email: tarzanafile123@gmail.com
Plaintiffs *In Pro Per*

Dean A. Reeves (SBN 150558)
   dreeves@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
   CAMPBELL & TRYTTEN LLP
301 N. Lake Avenue, Suite 1100
Pasadena, California 91101-4158
Tel: (626) 535-1900 | Fax: (626) 577-7764
Attorneys for Defendant
WELLS FARGO BANK, N.A.

Fred T. Winters (SBN 091545)
   fwinters@aldridgepite.com
ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, California 92177-0935
Tel: (858) 750-7600 | Fax: (619) 590-1385
Attorneys for Defendant CLEAR RECON
CORP Erroneously named as CLEAR
RECON CORP, AKA CLEAR RECON
CORP OF ARIZONA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNNY BYUN A/K/A SUMMER JOY LAKE; EZEQUIEL A. PACHECO;<br>Plaintiffs,<br>v.<br>WELLS FARGO BANK N.A., AND CLEAR RECON CORP. AKA, CLEAR RECON CORP OF ARIZONA, AND DOES 1 THROUGH 10, INCLUSIVE,<br>Defendants. | CASE NO.: 2:19-cv-09334-FMO-JC<br><br>[*Assigned to the Hon. Fernando M. Olguin*]<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: January 30, 2020<br>Time: 10:00 a.m.<br>Ctrm: 6D |

## TO THE HONORABLE COURT:

## JOINT RULE 26(f) REPORT

Pursuant to a telephone conference call between the parties and their counsel that took place on January 8, 2020, the parties to the above-entitled action jointly submit this Joint Rule 26(f) Report.

## STATEMENT OF CASE

Plaintiffs' Statement:

Wells Fargo

Defendant, Wells Fargo is attempting to collect on a mortgage where no payment has been paid in more than nine years, by use of a non-judicial foreclosure proceeding to enforce a void mortgage. It is void because it was securitized into a closed trust. It is void because the mortgage was separated from the note. (First Amended Complaint ¶ 23.) The Defendant has imposed charges on the account which it is neither entitled to collect, and is attempting to collect those false and fraudulent charges through a non-judicial foreclosure process where they are not obligated to provide an accounting of those charges. "63. Plaintiffs are likely to succeed on the merits because the amounts charged by Wells Fargo are inexplicably high; were not owed; and even their own pooling and servicing agreements state that the Lender is only seeking payment of the principal and interest, yet the billings contain sums for inspection fees which the Plaintiff never agreed to pay, and the inspections were never performed; that Plaintiff is being charged for sums which have already been recovered as the Defendant lenders filed suit against their servicers and recovered some if not all of the mortgage from a third party, yet credited the Plaintiff with none of the funds received; that the mortgage was separated from the note, making it a nullity; and the mortgage was securitized into a closed trust, and in so doing, voided the mortgage and violated the terms of the trust. (First Amended Complaint ¶ 63.)

That Plaintiff disputes the charges placed on the Defendants account and this case is required to establish the amounts and justification for imposition of those charges on an expired debt, and an explanation how the defendant is entitled to enforce an expired debt.

Clear Recon Corp.:

The appointment of Clear Recon Corp. as Trustee, was fraudulent, as has been the series of fraudulent substitutions of trustees that occurred prior to this one. Plaintiff challenges the entire appointment process, and when the challenge is sustained, any sale that occurred thereunder would be deemed void. Here, the Substitution of Trustee was executed by Andrea Whitney of the firm Pite Duncan, LLP as Wells Fargo Bank, NA's attorney in fact, but there is no prior recorded power of attorney or evidence whatsoever that Pite Duncan was retained by Wells Fargo to empower her to execute the substitute of Trustee. What's worse, is that a review of the bar records for this State, Andrea Whitney is NOT a licensed attorney and is not licensed to do business as an attorney in this state and is not permitted to be the attorney in fact for a corporation, as that constitutes the unlawful practice of law. There is NO EVIDENCE of contractual empowerment for them to act as a trustee. It must be noted that the Substitution of Trustee was executed in the State of California, County of San Diego. The signature was notarized by Ashley Johnson in the State of California. It was also fraudulently recorded in the State of California, making it void and a felony. See Exhibit 19 attached to the complaint, Instrument Number 20150545077, recorded on 5/12/2015 at 8:00 a.m.

Defendant Wells Fargo's Statement:

Plaintiffs seek to stop the pending trustee's sale of the subject property that was commenced due to a default by the borrower on his loan obligations. To support this position, Plaintiffs have concocted a fanciful series of allegations

regarding the "securitization" of the promissory note and allegations regarding the validity of the recording notices related to the non-judicial foreclosure, all in an effort to establish that Wells Fargo Bank, N.A. ("Wells Fargo") is not the beneficiary under the deed of trust recorded against the subject property, and argue that Wells Fargo lacks the legal authority to foreclosure.

Clear Recon Corp.'s Statement:

Clear Recon Corp joins in Wells Fargo's statement and adds that Plaintiffs' allegations regarding supposed defects in the recorded Substitution of Trustee whereby Clear Recon became the nonjudicial foreclosure trustee are false and have no basis in the law. Plaintiffs also falsely allege that Clear Recon is not authorized to conduct business in California, despite the fact that Clear Recon is a domestic California corporation, active and in good standing. Clear Recon is also protected by the qualified immunity privilege.

## SUBJECT MATTER JURISDICTION

Case was originated in this court by Plaintiffs when the initial complaint was filed in the United States District Court on October 30, 2019. The Complaint, in part, seeks relief under a federal statute, namely 15 U.S.C. §§ 1692-1692P, and thus the Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

## LEGAL ISSUES

Plaintiffs contend that the following legal issues are presented by this case:

WELLS FARGO:

1. The purported debt is expired and unenforceable.

2. The charges imposed by Wells Fargo are neither due nor owing, and fraudulent. See FAC ¶¶ 7-8.

3. The Substitution of the Trustee is void and fraudulent (as evidenced above).

4. There are multiple entities entitled Clear Recon and it is questionable at best as to their right to do business in this state.

5. The Plaintiff alleges that the subject mortgage has been securitized into a closed trust and it is void and unenforceable.

6. That there are a series of fraudulently executed substitution of trustees, including the latest ones, which constitutes multiple slanders of title that all need to be removed from the title.

7. That the mortgage agreement has been breached because of the multiple violations alleged, including fraudulent billing practices; violations of the consent decree against Wells for seeking to enforce an expired mortgage; for recording false documents in the official records (the void substitution of trustees) and imposing charges on the account that are neither due nor owing. All of which are prohibited by the consent decrees against Wells. What's worse, is that there are multiple violations of the FDCPA and the CDCPA when they attempted to collect this void, expired obligation.

8. Tender is excused under these circumstances as carefully and fully pled in the pleadings, and in the amended complaint.

9. That Tender is also not required under these circumstances, as Plaintiff is entitled to an order that any sale, and any attempted sale void because the failure to provide notice and the improper authentication of documents violated the Deed of Trust statutes.

10. "The tender rule does not apply to a void, as opposed to a voidable, foreclosure sale." *Martinez v. America's Wholesale Lender*, 446 Fed. App'x 940, 943 (9th Cir. 2011)."

CLEAR RECON:

1. The appointment of Clear Recon Corp. as Trustee, was fraudulent, as has been the series of fraudulent substitutions of trustees that occurred prior to this

one. Each separate substitution of trustee constitutes a slander of title and entitles the Plaintiff to compensatory damages.

2. The appointment of the trustee was clearly fraudulent and without authority and the appointment of Clear Recon is void as a matter of law, as the person who executed the documents as the attorney in fact, was, not, in fact an attorney and cannot represent Wells as an attorney. "6 Angles, Inc. v. Stuart-Wright Mortgage, Inc. (2001), 85 Cal. App. 4th 1279 at 1285 where the Court stated: "it is the general rule that courts have power to vacate a foreclosure sale where there has been fraud in the procurement of the foreclosure decree or where the sale has been improperly, unfairly or unlawfully conducted, or is tainted by fraud or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." Therefore, a forged "robo-signed" signature as shown in Exhibits 2-16 attached hereto, the Court in the instant case should be inclined to permanently stay and vacate the foreclosure documents of the Subject Property. Additionally, in Bank of America v. La Jolla Group II (2005)129 Cal.App.4th 706 , 28 Cal.Rptr.3d 825, the California Court of Appeals held that if a trustee is not contractually empowered under a deed of trust to hold a sale, it is totally void. See also *Trout v. Trout*, (1934), 200 Cal. 652 at 656."

As a result, the Trustee is not entitled to any statutory protection; are debt collectors who have acted in bad faith, and are attempting to collect a void, expired obligation, and who are not entitled to any protection under the code.

Defendant Wells Fargo's key legal issues in this matter include: (1) Plaintiffs cannot bring an action requiring Wells Fargo to prove its authority to proceed with the non-judicial foreclosure. Moreover, even if the loan was securitized, the power of sale pursuant to the Deed of Trust is not lost and the lender, beneficiary, trustee or any of their agents can initiate the non-judicial

foreclosure proceedings upon the borrower's default; and (2) Plaintiffs have not tendered the indebtedness, they cannot enjoin the Trustee's Sale.

Defendant Clear Recon Corp.'s key legal issues in this matter include:

Clear Recon is a lawfully substituted nonjudicial foreclosure trustee appropriately following the procedures set forth by statute to process the foreclosure. Clear Recon is not liable to Plaintiff under any of the theories pleaded in the First Amended Complaint.

### PARTIES, EVIDENCE, ETC.

Parties: Sunny Byun a/k/a Summer Lake Joy., Ezequiel A. Pacheco, Wells Fargo Bank, N.A., and Clear Recon Corp.

Percipient Witnesses: Sunny Byun a/k/a Summer Lake Joy, Ezequiel A. Pacheco and Jeannine Kim.

Key Documents: Equity Line with Flex Ability Agreement, dated April 28, 2005; Deed of Trust, dated April 28, 2005; Substitution of Trustee, recorded on May 5, 2015; Notice of Default, recorded May 12, 2015; Notice of Trustee's Sale, recorded May 1, 2019.

### INSURANCE

This matter does not involve any insurance coverage.

Plaintiff disputes this claim, as the Plaintiff is informed, believes, and thereon alleges that the Lender had PMI insurance and the Lender has already filed a claim and has been paid in full. Additionally, the Plaintiff is informed, believes, and thereon alleges that the investors who are the holders of the void mortgage has already sued Wells Fargo for some or all of their purported damages and have been paid in full.

### MAGISTRATE JUDGE

The parties do not consent to having a magistrate judge preside over this action for all purposes, including trial.

## DISCOVERY PLAN

Plaintiffs intend to do request for admissions, demand for production of documents, and specially prepared interrogatories. Plaintiffs intend to depose individuals who executed the fraudulent substitution of trustees to determine why they felt they were authorized to execute and notarize the fraudulent appointment; obtain a direct admission that they are not licensed to practice law in this state and did the substitution in this state; and then knowingly recorded a false document in the official records, a felony if Wells Fargo and Clear Recon refuse to admit those facts in the request for admissions.

Defendant Wells Fargo anticipates propounding special interrogatories and requests for production of documents to Plaintiffs. Additionally, Wells Fargo also intends on taking the Plaintiffs' depositions, and the deposition of Jeannine Kim.

Defendant Clear Recon Corp also will propound written discovery to Plaintiffs and participate in the taking of Plaintiffs' depositions, and the deposition of Jeannine Kim

The parties do not anticipate any issues regarding electronically stored information (ESI) to the extent relevant ESI exists, and the parties will comply with ESI provisions of the Federal Rule of Civil Procedure.

The parties do not anticipate issues regarding claims of privilege or of protection of trial preparation materials following initial disclosures. Should such issues arise, the parties agree to raise such issues in a timely fashion if and when they are identified.

No formal changes are requested at this time to the limitations on discovery posed by the Federal Rules of Civil Procedure.

No formal discovery has been completed. This matter is still in the pleadings stage, with pending motions to dismiss. Parties agree to stipulate to extend the initial disclosures required by Rule 26 of the Federal Rules of Civil

Procedure, until 20 days after the date on which the pleadings in this matter are at issue.

Proposed Discovery Dates:

| | |
|---|---|
| Expert Witnesses – Initial Disclosure | February 1, 2021 |
| Expert Witnesses – Rebuttal Disclosure | February 22, 2021 |
| Discovery Cut-Off | January 15, 2021 |
| Expert Discovery Cut-Off | March 19, 2021 |

## MOTIONS

Plaintiffs do not have any pending motions at this juncture.

Plaintiff expects that the Defendants will not be truthful or forthcoming in their responses to the very pointed discovery and therefore expect that they will have to file at least one motion to compel and seek terminating sanctions.

Defendant Wells Fargo has filed a Motion to Dismiss the First Amended Complaint that is set for hearing on January 30, 2020.

Defendant Clear Recon Corp. has filed Motion to Dismiss the First Amended Complaint that is set for hearing on January 23, 2020.

## CLASS CERTIFICATION

This is not applicable to the instant litigation.

## DISPOSITIVE MOTIONS

In the event Plaintiffs' claims survive the defendants' motion to dismiss, then the defendants anticipate filing a motion for summary adjudication and/or judgment.

Plaintiffs believe that there exists genuine issues of material fact, including the amounts fraudulently billed, the reason for the imposition of those charges. However, the Plaintiffs also believe that as a matter of law, the appointment of the trustee is void as proven above and on the face of the documents and the public records of the State Bar of California.

## SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

There have been no substantive settlement discussions between the parties to date. The parties agree to have the matter submitted to a Magistrate Judge for a settlement conference.

Plaintiff believes that an amicable settlement is possible.

## PRETRIAL CONFERENCE AND TRIAL DATES

The parties propose the following dates:

Final Pre-Trial Conference – May 18, 2021

Trial – June 7, 2021

## TRIAL ESTIMATE

The parties estimate a 3 to 4 day trial, and Plaintiffs request a jury.

Plaintiffs anticipate calling no more than three witnesses.

Defendant Wells Fargo anticipates calling no more than 3 witnesses.

Defendant Clear Recon Corp. anticipates calling no more than 1 witness.

## TRIAL COUNSEL

For Plaintiffs: Sunny Byun and Ezequiel A. Pacheco, in pro per.

For Wells Fargo: Jeremy E. Shulman, Dean A. Reeves

For Clear Recon Corp.: Fred T. Winters

## INDEPENDENT EXPERT OR MASTER

This is not a case in which the court should consider appointing a master pursuant to Federal Rule of Civil Procedure §53 or an independent scientific expert.

/ / /

/ / /

/ / /

/ / /

/ / /

## OTHER ISSUES

Parties do not anticipate the addition or appearance of any additional parties to this litigation.  Parties do not anticipate the issue of severance or bifurcation being raised in this matter.

Dated:  January 16, 2020          SUNNY BYUN

                                  By: _____/s/ Sunny Byun_____
                                       Sunny Byun
                                       Plaintiff, In Pro Per

Dated:  January 16, 2020          EZEQUIEL A. PACHECO

                                  By: _____/s/ Ezequiel A. Pacheco_____
                                       Ezequiel A. Pacheco
                                       Plaintiff, In Pro Per

Dated:  January 16, 2020          ANGLIN, FLEWELLING, RASMUSSEN,
                                  CAMPBELL & TRYTTEN LLP

                                  By: _____/s/ Dean A. Reeves_____
                                       Dean A. Reeves
                                       Attorneys for Defendant
                                       WELLS FARGO BANK, N.A.

Dated:  January 16, 2020          ALDRIDGE PITE, LLP

                                  By: _____/s/ Fred T. Winters_____
                                       Fred T. Winters
                                       Attorneys for Defendant
                                       CLEAR RECON CORP.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 North Lake Avenue, Suite 1100, Pasadena, California 91101-4158.

On the date below, I served a copy of the foregoing document entitled:

## JOINT RULE 26(f) REPORT

on the interested parties in said case as follows:

| Served By Means Other than Electronically Via the Court's CM/ECF System | Served Electronically Via the Court's CM/ECF System |
|---|---|
| *Plaintiffs, In Pro Per* | *Counsel for Defendant Clear Recon Corp erroneously named as Clear Recon Corp, aka Clear Recon Corp of Arizona* |
| Sunny Byun<br>Ezequiel A. Pacheco<br>18645 Hatteras Street, Suite 185<br>Tarzana, California 91356<br><br>Tel: (310) 994-0123<br>Email: tarzanafile123@gmail.com | Fred T. Winters, Esq.<br>ALDRIDGE PITE, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17935<br>San Diego, California 92177-0935<br><br>Tel: (858) 750-7600 | Fax: (619) 590-1385<br>Email: fwinters@aldridgepite.com |

[x] **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on January 16, 2020.

| Laurie Hlista | */s/ Laurie Hlista* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |