UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-9334 FMO (JCx)** | **Date** | **January 27, 2020** |
|---|---|---|---|
| Title | **Summer Joy Lake, et al. v. Wells Fargo Bank, N.A., et al.** | | |

Present: The Honorable    Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order re: Pending Motions**

On December 20, 2019, defendant Clear Recon Corp[1] ("Clear Recon") filed a Motion to Dismiss First Amended Complaint (Dkt. 41, "Clear Recon Motion"), and on December 26, 2019, defendant Wells Fargo Bank, N.A.("BANA") filed a Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 44, "BANA Motion").  The Clear Recon Motion was set for oral argument on January 23, 2020, and the BANA Motion was set for argument on January 30, 2020.  (See Dkt. 41, Clear Recon Motion; Dkt. 44, BANA Motion).  The January 23, 2020 and January 30, 2020, hearing dates required plaintiffs to file their Oppositions to the motions no later than January 2, 2020, and January 9, 2020, respectively.  See Local Rule 7-9. Plaintiffs did not file any opposition to defendants' motions.  (See, generally, Dkt.).  Accordingly, the court will vacate the hearing dates and grant defendants' motions.  See Local Rule 7-12.

In addition, given the policy favoring amendment of complaints, see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990), the court will give plaintiffs one last opportunity to amend their complaint.  In preparing the Second Amended Complaint, plaintiffs shall carefully evaluate the contentions set forth in defendants' motions, including whether plaintiffs have standing bring the claims asserted.

Moreover, based on the court's review of Plaintiffs' Request for an Order Staying or Cancelling Sale, Issuance of a Preliminary Injunction; and Issuance of Lis Pendens by Court (Dkt. 33, "First Request"; Dkt. 34, "Second Request"),[2] the court will deny the Requests.  As an initial matter, according to the First Request, the sale of the subject property was to be held on January 7, 2020, at 10:30 a.m..  (See Dkt. 34, First Request at 5).  However, given plaintiffs' concurrently filed motion to disqualify the undersigned, (see Dkt. 32), the First Request was stayed pending a ruling on the motion to disqualify.  Thus, the First Request is denied as moot.  Furthermore, given the standing issues in this action, and the dismissal of the operative complaint, the court declines

---

[1]  Erroneously sued as Clear Recon Corp, AKA Clear Recon Corp of Arizona.

[2]  Plaintiffs filed two documents with the same title requesting different relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9334 FMO (JCx) | Date | January 27, 2020 |
|---|---|---|---|
| Title | Summer Joy Lake, et al. v. Wells Fargo Bank, N.A., et al. | | |

at this juncture to grant the additional relief sought by plaintiffs in the Second Request.  (See Dkt. 34, Second Request).

Based on the foregoing, IT IS ORDERED THAT:

1.      Clear Recon's Motion to Dismiss First Amended Complaint **(Document No. 41)** is **granted**.

2.  BANA's Motion to Dismiss Plaintiffs' First Amended Complaint **(Document No. 44)** is **granted**, and the hearing on BANA's Motion, currently set for January 30, 2020, is hereby **vacated**.

3.      The First Amended Complaint (Dkt. 28) is **dismissed with leave to amend**.

4.      If plaintiffs still wish to pursue this action, they are granted until **February 10, 2020**, to file a second amended complaint attempting to cure the alleged deficiencies outlined in defendants' motions.  The court expects that defendants will agree to any amendments that will or attempt to cure the alleged defects.

5.      The second amended complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case.  In addition, plaintiffs are informed that the court cannot refer to a prior pleading in order to make their Second Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.  In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

6.      Plaintiffs are cautioned that failure to timely file a Second Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

7.      Defendants shall file an Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **February 27, 2020**.

8.      In the event defendants wish to file another motion to dismiss, then counsel for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9334 FMO (JCx) | Date | January 27, 2020 |
|---|---|---|---|
| Title | Summer Joy Lake, et al. v. Wells Fargo Bank, N.A., et al. | | |

parties shall, on **February 20, 2020, at 10:00 a.m.**[3] meet and confer in person at an agreed upon location within the Central District of California to discuss defendant's motion(s) to dismiss. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied.

9.    Plaintiffs' Request for an Order Staying or Cancelling Sale, Issuance of a Preliminary Injunction; and Issuance of Lis Pendens by Court **(Document Nos. 33 & 34)** are **denied**.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**Notice Re: Pro Se Legal Clinic**

The Los Angeles Clinic operates by appointment only. You may schedule an appointment either by calling the Clinic or by using an internet portal. You can call the Clinic at (213) 385-2977, ext. 270 or you can submit an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles.

Clinic staff can respond to many questions with a telephonic appointment or through your email account. It may be more convenient to email your questions or schedule a telephonic appointment. Staff can also schedule you for an in-person appointment at their location in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[3] Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.