UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9334 FMO (JCx) | Date | February 11, 2020 |
|---|---|---|---|
| Title | Summer Joy Lake, et al. v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order re: Ex Parte Application for Temporary Restraining Order**

The court has reviewed pro se plaintiffs Sunny Byun ("Byun"), Ezequeil A. Pacheco ("Pacheco") and Jeannie Kim's ("Kim") Emergency Ex Parte Application for an Order Staying or Cancelling Sale and Preliminary Injunction, (Dkt. 54, "Application"); Ex Parte Application to Add an Additional Plaintiff (Dkt. 55, "Second Application"), and Plaintiff's [sic] Ex Parte Application for Issuance of Lis Pendens by Court for Pro Se Litigant (Dkt. 60, "Third Application"), and concludes as follows.

As an initial matter, it appears that neither ex parte relief nor a temporary restraining order ("TRO") is warranted given plaintiffs' delay in filing the instant Application.  (See Dkt. 54, Application (application filed two business days prior to scheduled foreclosure sale; Dkt. 59, Memorandum of Points and Authorities ("Memo") at 2 (representing that plaintiff contacted defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") counsel on January 29, 2020, regarding the sale and relief sought)).[1]

Rule 65 provides courts with the authority to issue temporary restraining orders and preliminary injunctions.  Fed. R. Civ. P. 65(a) & (b).  The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered, see U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010), while the purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held.  See Wahoo Intern., Inc. v. Phix Doctor, Inc., 2014 WL 2106482, *2 (S.D. Cal. 2014).  The standards for a temporary restraining order and a preliminary injunction are the same.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th

---

[1] Although plaintiffs indicate that they met and conferred with defendants regarding the Application, (Dkt. 59, Memo at 2), it appears that such communications did not relate to the instant Application.  (See Dkt. 63, Opposition by Wells Fargo Bank, N.A. to Plaintiffs' Ex Parte Application for an Order Staying or Cancelling Sale and Preliminary Injunction ("Opp.") at 4) (stating that plaintiffs did not notify defendant of their intent to file the Application and did not meet and confer with counsel).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9334 FMO (JCx) | Date | February 11, 2020 |
|---|---|---|---|
| Title | Summer Joy Lake, et al. v. Wells Fargo Bank, N.A., et al. | | |

Cir. 2001); Rowe v. Naiman, 2014 WL 1686521, *2 (C.D. Cal. 2014) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20, 129 S.Ct. at 374; Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (same). The Ninth Circuit also employs a "sliding scale" formulation of the preliminary injunction test under which an injunction could be issued where, for instance, "the likelihood of success is such that serious questions going to the merits [are] raised and the balance of hardships tips sharply in plaintiff's favor[,]" Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (internal quotation marks and brackets omitted), provided the other elements of the Winter test are met. Angelotti Chiropractic, Inc. v. Baker, 791 F.3d 1075, 1081 (9th Cir. 2015) ("Serious questions going to the merits and hardship balance that tips sharply towards plaintiffs can also support issuance of a preliminary injunction, so long as there is a likelihood of irreparable injury and the injunction is in the public interest.") (internal quotation marks and brackets omitted).

A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 1867 (1997) (emphasis in original and quotation marks omitted); Silvas v. G.E. Money Bank, 449 F.App'x 641, 644 (9th Cir. 2011) (same). Indeed, the moving party bears the burden of meeting all prongs of the Winter test. See Cottrell, 632 F.3d at 1135; DISH Network Corp. v. FCC, 653 F.3d 771, 776 (9th Cir. 2011) ("To warrant a preliminary injunction, [plaintiff] must demonstrate that it meets all four of the elements of the preliminary injunction test established in Winter[.]"). The decision of whether to grant or deny a preliminary injunction is a matter of the district court's equitable discretion. See Winter, 555 U.S. at 32, 129 S.Ct. at 381.

Plaintiffs have failed to show entitlement to a temporary restraining order or preliminary injunction. (See, generally, Dkt. 59, Memo; Dkt. 62, Plaintiff's [sic] Second Amended Complaint ("SAC")). Specifically, plaintiffs have failed to carry their burden of showing they are likely to succeed on the merits, which is the most important Winter factor. See Garcia, 786 F.3d at 740 ("The first factor under Winter is the most important – likely success on the merits."). As before, it is unclear if any plaintiff has standing to assert the claims alleged in the SAC given the conflicting purported transfers of the subject property. (See Dkt. 55, Second Application at 1-2); see, e.g., Dkt. 29, Grant Deed at ECF 287 (transferring interest in the subject property to a trust); Dkt. 63, Opp. at 7). Moreover, even if any plaintiff has standing, plaintiffs have failed to show that they are likely prevail on their claims since the SAC, and the Application, are comprised of mostly conclusory and vague allegations. (See Dkt. 58, SAC; Dkt. 59, Memo). With respect to plaintiffs' contention that the May 2015 substitution of trustee was ineffective because it was signed by "Andrea Whitney of the Firm Pite Duncan, LLP as its attorney in fact, but without any appointment or power of attorney first recorded[,]" (see Dkt. 62, SAC at ¶¶ 38-39; Dkt. 59, Application at 3),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-9334 FMO (JCx) | Date | February 11, 2020 |
|---|---|---|---|
| Title | **Summer Joy Lake, et al. v. Wells Fargo Bank, N.A., et al.** | | |

such contention is without merit.  California Civil Code § 2934a contains no requirement that such documents be recorded.  See Cal. Civ. Code 2934a(a)(1)(A) ("The trustee under a trust deed upon real property or an estate for years given to secure an obligation to pay money and conferring no other duties upon the trustee than those which are incidental to the exercise of the power of sale therein conferred, may be substituted by the recording in the county in which the property is located of a substitution executed and acknowledged by either of the following . . . [a]ll of the beneficiaries under the trust deed, or their successors in interest[.]").[2]  As such, the court will deny the Application.[3]

With respect to plaintiffs' Second Application, the court will deny it as moot given that the SAC includes the additional plaintiff.  (See Dkt. 62, SAC).  As for plaintiffs' Third Application, (Dkt. 60), the court finds that ex parte relief is not warranted.

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.  Plaintiffs' Emergency Ex Parte Application for an Order Staying or Cancelling Sale and Preliminary Injunction **(Document No. 54)** is **denied**.

2.  Plaintiffs' Ex Parte Application to Add an Additional Plaintiff **(Document No. 55)** is **denied as moot**.

3.  Plaintiffs' Ex Parte Application for Issuance of Lis Pendens by Court for Pro Se Litigant **(Document No. 60)** is **denied**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

[2]  Nor have plaintiffs raised serious questions going to the merits.

[3]  Because plaintiffs have failed to carry their burden as to the first Winter factor, the court "need not address the remaining factors necessary for injunctive relief."  Amylin Pharm., Inc. v. Eli Lilly & Co., 456 Fed.Appx. 676, 679 (9th Cir. 2011); see also DISH Network, 653 F.3d at 776 ("To warrant a preliminary injunction, DISH must demonstrate that it meets all four of the elements of the preliminary injunction test.").  However, the court notes that plaintiffs have also failed to show that the balance of equities tilt in their favor given that they have been in default since 2013. (See Dkt. 63, Opp. at 9).